Weygandt, C. J.
 

 Section 1579-540, General Code, relating to the Municipal Court of the city of Akron, provides that the judges may appoint such deputy bailiffs as they may deem necessary at a. salary of $2100 per year; and Section 1579-542, General Code,
 
 *306
 
 provides that such deputy bailiffs shall hold their office during the pleasure of the court.
 

 In the year 1931 tax delinquencies increased to such an extent in the city of Akron that the available public funds were insufficient to meet the normal expenses of the municipal government. In this emergency the city council reduced the amount of the appropriation for meeting the operating expenses of the court. With reference to this feature of the case the third defense of the answer reads as follows:
 

 “Defendants further aver that each month from October 15, 1931 to January 31, 1934, relator signed the payroll of the city of Akron and accepted without protest the amount in monthly installments which the judges of the Municipal Court of Akron had determined he was' to receive, and which the Clerk of the Municipal Court of Akron had certified was due and owing him, which monthly installments were less than the amount which he now claims is due and owing him.
 

 “Defendants further state that the relator agreed to accept the amount which the Judges of the Municipal Court of the City of Akron apportioned to him and which was certified by the Clerk of said court, and to refrain from demanding more' than such amount in such monthly installments for the period from October 15,1931 to January 31,1934, in consideration of his being retained as' a Deputy Bailiff, of the Municipal Court of Akron, and for the purpose of preventing a reduction in the number of employees of said Municipal Court, which reduction would otherwise have been necessary had he demanded the amount of salary which he now demands, and that by such action and by such failure to protest the amount he was receiving, he has now waived any rights he may have had to be entitled to any larger amount of salary than he so received, and that he cannot now object to or deny such action on his part, that he is' not now entitled to any of the amount which he now sues for.”
 

 
 *307
 
 Ño reply was filed to the answer.
 

 Under the pleadings and the agreed statement of facts the single decisive question of law now requiring consideration by this court is whether the Court of Appeals erred in holding that the relator waived his right to recover the unpaid balance of his statutory salary.
 

 Possibly it should be noted that this case does not involve the question as to whether a public officer can be compelled to accept less than the established salary of the position; nor is it analogous to the difficulty encountered when a candidate makes a promise that, if chosen, he will accept less than the fixed salary of the office. 70 A. L. R., 978. Briefly restated, the instant question is simply whether the occupant of a public office may waive part of the established salary thereof.
 

 The most frequently employed definition of waiver is that it is the voluntary relinquishment of a known right. As a general rule, the doctrine of waiver is applicable to all personal rights and privileges, whether secured by contract, conferred by statute, or guaranteed by the Constitution, provided that the waiver does not violate public policy.
 

 Applying these fundamentals to the conduct of this relator, what is the result? In addition to the circumstances already outlined, it is conceded that during this period the relator was paid in semi-monthly installments, and on each occasion he presented his voucher, received payment, and then receipted a payroll sheet which expressly recited either that this was the “am’t due” or that he “received pay in full to date.” According to the agreed statement o.f facts this occurred a total of 56 successive times over the period of 2 years and
 
 4
 
 months. Furthermore, the relator makes no claim that he ever protested this procedure; nor does he contend that his rights were unknown by him. Thus it is apparent that his conduct was wholly inconsistent with any theory except the plainest and simplest sort
 
 *308
 
 of waiver. Indeed it is difficult to suggest how this result could have been accomplished more effectively without actually using the word “waiver” itself — a thing which of course the law does not require as to any variety of waiver.
 

 Is it contrary to public policy to hold that the occupant of a public office may waive part of his salary? The relator offers no authority or reason in support thereof. On the contrary, public policy would seem to require that the law be just as prompt to scrutinize the conduct of a public officer as that of a private citizen— especially when that conduct involves an uninterrupted sequence of 56 repeated and consistent acts during a period of more than two years.
 

 The judgment of the Court of Appeals must.be affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias, Zimmerman, Williams and Myers, JJ., concur.