**SHESKEY, Treas.,**

v.

**TYLER–SMITH et al.**

2002-Ohio-2737.]

Court of Common Pleas of Ohio,
General Division, Marion County.

No. 00 CV 0435.

Decided Jan. 30, 2002.

170

Jim Slagle, Marion County Prosecuting Attorney, and Susan M. Bruder, Assistant Prosecuting Attorney, for plaintiff.

Mark D. Russell, Law Director, and Steven E. Chaffin, Assistant Law Director, for defendant city of Marion.

Theresa Tyler–Smith, defendant, pro se.

RICHARD M. ROGERS, Judge.

{¶ 1} This matter is before the court for consideration of the disposition of excess funds remaining after the judicial sale of real estate. The case was initiated by the Marion County Treasurer to foreclose on real estate for delinquent taxes, pursuant to R.C. 323.25 and R.C. 5721.19. The plaintiff's attorney set forth in the complaint, with particularity, the title interests of the defendants, Theresa Tyler–Smith and Sheila Williams, that were apparent from public records. Neither of these two parties made any appearance in the original action, and judgment was granted by default against these two defendants, on March 23, 2001. The only other party, the city of Marion, responded by answer and consented to the judgment.

{¶ 2} Thereafter, the subject property was sold and a confirmation entry was filed May 30, 2001, which provided for payment in full of all claims of the plaintiff, Marion County Treasurer, and the defendant, city of Marion, and all proper costs and expenses of the action. There remained, after distribution, excess funds in the sum of $3,260.44.

{¶ 3} Pursuant to R.C. 2329.44, the clerk provided the appropriate notice of excess funds to the judgment debtors, Theresa Tyler–Smith and Sheila Williams, including instructions "[setting] forth the procedure that the judgment debtor is required to follow to obtain the balance." R.C. 2329.44(A)(1). On July 27, 2001, Theresa Tyler–Smith, acting pro se, filed a timely demand requesting that the excess funds be paid to her. No demand for excess funds has been received from defendant Sheila Williams.

{¶ 4}  R.C. 2329.44 provides the statutory procedure of distribution of excess funds remaining after judicial sales.  See, also, *Natl. Mtge. Co. v. Brown* (Aug. 19, 1993), 10th Dist. No. 93AP–214, 1993 WL 317252.  The statute requires the clerk, "upon demand," to pay the balance of excess funds "to the judgment debtor or [her] legal representatives."  R.C. 2329.44(B)(1).

{¶ 5}  The clerk being unclear as to her responsibilities toward two judgment debtors when only one had made a demand for payment, requested guidance, and the court directed plaintiff's counsel to recommend a form of distribution.  This court found that "[s]ince the plaintiff [in a foreclosure action] has done the title examination and initiated [the] action, it is incumbent upon the plaintiff to assist the Clerk in a determination of who is entitled to participate in a disbursement of excess funds."  *Sheskey v. Tyler–Smith* (Sept. 18, 2001), No. 00 CV 0435.  That finding is particularly appropriate when the plaintiff is a county official being represented by the county's prosecuting attorney, who also has the responsibility to advise the clerk when requested to do so.

{¶ 6}  Thereafter, the plaintiff responded with a recommendation that the clerk pay one-half of the excess funds to each of the judgment debtors, after collecting the appropriate costs.

{¶ 7}  The court has reviewed the recommendation but finds that the plaintiff cited no authority for that result.  In researching the issue, it is clear that the reason why the plaintiff failed to cite any authority is that there is none.

{¶ 8}  A thorough search of Ohio statutes and Ohio case law reveals nothing that is helpful in directing the clerk as to the distribution of excess funds as between multiple judgment debtors when less than all judgment debtors have made a demand on the clerk for the excess funds.  This appears to be a case of first impression in Ohio.

{¶ 9}  The court finds that although each judgment debtor was in default of answer or other appearance in the original action, each retains an equitable interest in the excess funds.  "By the law regulating judgments and executions, it is made the duty of the sheriff, or other officer making sale of land, or other property, on execution, if there be a surplus of money after satisfying the execution, to pay the same over to the judgment debtor, or his legal representative, on demand."  *Douglas v. Wallace* (1841), 11 Ohio 42, 45, 1841 WL 46.  See, also, *Sparrow v. Hosack* (1883), 40 Ohio St. 253, 1883 WL 88.

{¶ 10}  The procedures by which the judgment debtor may acquire the excess funds from a judicial sale have been codified in R.C. 2329.44.  The statute is clear and unambiguous.  Certain acts are required of the judgment debtor before the debtor is entitled to receive payment from the clerk of the excess

funds. A failure to make a demand on the clerk for the excess funds waives the right to share in the excess funds.

{¶ 11} "The law permits parties to voluntarily waive a number of important legal rights, *Sanitary Commercial Serv., Inc. v. Shank* (1991), 57 Ohio St.3d 178, 180–181, 566 N.E.2d 1215, and in the interest of finality, courts are usually quite reluctant to relieve parties of the consequences of these choices." *Kelm v. Kelm* (2001), 92 Ohio St.3d 223, 226, 749 N.E.2d 299.

{¶ 12} "The most frequently employed definition of waiver is that it is the voluntary relinquishment of a known right. As a general rule, the doctrine of waiver is applicable to all personal rights and privileges, whether secured by contract, conferred by statute, or guaranteed by the Constitution, provided that the waiver does not violate public policy." *State ex rel. Hess v. Akron* (1937), 132 Ohio St. 305, 307, 8 O.O. 76, 7 N.E.2d 411.

{¶ 13} It cannot be disputed that the judgment debtor, Sheila Williams, has effectively waived her right to excess funds. She has failed to respond to the Clerk's notice, just as she failed to respond to the summons. However, we must separately determine whether such a waiver would violate public policy.

{¶ 14} "[T]he General Assembly should be the final arbiter of public policy. * * * Where the words of a statute are free of ambiguity and express plainly and distinctly the sense of the lawmaking body, the courts should look no further in their efforts to interpret the intent of the General Assembly." *State v. Smorgala* (1990), 50 Ohio St.3d 222, 223, 553 N.E.2d 672.

{¶ 15} The statute is clear and unambiguous, requiring certain definite acts by the clerk and by one claiming excess funds. There is no suggestion of an intent to protect one who fails to act promptly in response to the statutory notice. We find that the judgment debtor's waiver of her right to excess funds is no more onerous than the waiver of her right to appear and defend in the case-in-chief. Therefore, we conclude that the waiver of her right to share in excess funds is not against public policy.

{¶ 16} We hold that the clerk's responsibility to disburse excess funds under R.C. 2329.44 is limited to those judgment debtors who respond in the manner required by the statute and according to the procedures set forth in the notice served by the clerk. We further hold that a failure to file a timely demand for participation in the distribution of excess funds is a complete and final waiver of all interest in the excess funds.

{¶ 17} Judgment to be prepared accordingly.

Judgment accordingly.