OPINION
Plaintiff-appellant Jake J. Davidson appeals the November 16, 2001, Judgment Entry of the Stark County Court of Common Pleas which determined appellant to be a sexual predator, pursuant to R.C. Chapter 2950.
 STATEMENT OF THE FACTS AND CASE
On November 2, 1990, the Stark County Grand Jury returned an indictment against plaintiff-appellant Jake J. Davidson [hereinafter appellant] on three counts of aggravated burglary, in violation of R.C. 2911.11(A), three counts of aggravated robbery, in violation of R.C. 2911.01(A), and one count of forcible rape, in violation of R.C. 2907.02(A)(2). The count of rape arose when appellant broke into the home of a 90 year old woman in an attempt to burglarize the residence. The elderly woman awoke and ordered appellant to leave the home. An argument ensued. Appellant responded by raping the elderly woman.
Ultimately, appellant plead guilty to the charges as indicted and was sentenced to seven indeterminate terms of imprisonment of nine to 25 years each, to be served concurrently. Appellant did not seek an appeal from the conviction and sentence. The trial court denied subsequent requests by appellant for super shock probation and judicial release.
On October 10, 2001, the trial court scheduled a sexual offender classification hearing, pursuant to R.C. 2950.09 upon receipt of the recommendation of the prison warden where appellant was serving his sentence. At the hearing, held November 13, 2001, appellant waived his statutory right to a hearing and stipulated to his status as a "sexual predator". The trial court conducted a hearing limited to ensuring that appellant understood the consequences of his waiver and stipulation. After acquiring appellant's oral agreement to the stipulation and verifying that appellant had signed an "Explanation of Duties to Register as a Sexual Predator" form, the trial court found that appellant was a sexual predator.
It is from the trial court's determination that appellant be classified as a sexual predator that appellant appeals, raising the following assignments of error:
 THE TRIAL COURT ERRED IN CONDUCTING THE APPELLANT'S SEXUAL PREDATOR HEARING UNDER THE ORIGINAL CRIMINAL CASE NUMBER, BECAUSE THE SEXUAL PREDATOR HEARINGS ARE CIVIL IN NATURE.
 THE TRIAL COURT ERRED IN ACCEPTING A GUILTY PLEA WHICH WAS NOT MADE KNOWING, VOLUNTARY AND INTELLIGENT.
 THE TRIAL COURT ERRED IN CONDUCTING THE APPELLANT'S SEXUAL PREDATOR HEARING OUTSIDE OF THE PROCEDURES OUTLINED IN STATE V. EPPINGER.
This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
 (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule. We will address appellant's second assignment of error first.
 II
In the second assignment of error, appellant argues that the trial court erred when it accepted appellant's stipulation that appellant was a sexual predator.[1] Specifically, appellant argues that 1) he did not make such a stipulation; 2) if he did make such a stipulation, the stipulation was not knowing, voluntary or intelligent and was the result of coercion; 3) the trial court erred when it conducted two sexual offender classification hearings together, at the same time; 4) the trial court erred when it failed to conduct a hearing, receive evidence and apply the factors delineated in R.C. 2950.09(B)(2) before determining that appellant should be classified as a sexual predator.
We will first address appellant's contention that he did not stipulate to being labeled a sexual predator. We find that the record demonstrates that he did enter such a stipulation. First, we note that appellant's counsel indicated at the outset of the hearing that "I represent both gentlemen. They have both indicated and we have discussed this matter that they wish to waive their classification hearing with the understanding that the Court will then proceed to follow the recommendation by the State that both these gentlemen be declared to be classified as sexual predators." Transcript of Proceedings, November 13, 2001, page 3. Appellant did not object to this statement nor voice any disagreement with his counsel's pronouncement. In fact, the following colloquy took place between the trial court and appellant:
 THE COURT: . . . Gentlemen, each one of you are here this morning for what is called a House Bill 180 hearing; the purpose of which is to determine if you should be classified as a sexual predator pursuant to the statutes of the State of Ohio.
 In each of your cases I have a document [Explanation of Duties to Register as a Sexual Predator] before me which purports to have your signature.
Mr. Davidson, is that, in fact, your signature?
DEFENDANT DAVIDSON: Yes sir.
. . .
 THE COURT: Mr. Davidson, did you have the opportunity to read this document that I just referred to before you signed?
DEFENDANT DAVIDSON: Yes, sir.
. . .
 THE COURT: And Mr. Davidson and McCune, did each one of you have the opportunity to review the document with Attorney Madden and to ask her any questions in regard to the document; Mr. Davidson?
DEFENDANT DAVIDSON: Yes, I did, sir.
. . .
 THE COURT: And each one of you, gentlemen, Attorney Madden has been representing you in regard to this matter; is that correct, Mr. Davidson?
DEFENDANT DAVIDSON: Yes, sir.
 THE COURT: Are each one of you satisfied with the quality of the legal services and the advise which you have received from Attorney Madden; Mr. Davidson?
DEFENDANT DAVIDSON: Yes, sir.
. . .
 THE COURT: . . . Each one of you have signed a document which states that you have been convicted or pled guilty to a sexually oriented offense and that you are acknowledging that you are a sexual predator.
 The document also contains the instructions to you in regard to the requirement which you have, and in each case these are lifetime requirements in regard to verifying your residence address.
 Do each one of you fully understand this? Mr. Davidson, do you understand the requirements which you are under in regard to being labeled a sexual predator?
DEFENDANT DAVIDSON: Yes, sir.
. . .
 THE COURT: And do each one of you understand that you have a right to actually have a hearing? At this hearing the State of Ohio would bring in witnesses to testify to show that each one of you are appropriately classified as a sexual predator. You would have the right through your attorney to cross-examine those witnesses.
 You would also have the right through your attorney to require witnesses to come in and to testify on your behalf to show that you're not a sexual predator.
Do you understand those rights?
DEFENDANT DAVIDSON: Yes, I do.
THE COURT: Do you have waive those rights?
DEFENDANT DAVIDSON: Yes, I do.
. . .
 THE COURT: And each one of you understand that at that hearing you would not be required to testify?
Mr. Davidson, do you understand that?
DEFENDANT DAVIDSON: Yes, sir.
. . .
 THE COURT: And do each one of you waive the right and you understand that by agreeing to this you are consenting to be labeled a sexual predator; Mr. Davidson?
DEFENDANT DAVIDSON: Yes, I do.
Transcript of Proceedings [hereinafter TR], pages 4-9. (Emphasis added.)
We find that appellant clearly entered a stipulation whereby he waived his right to a hearing and stipulated to a finding that he be labeled a sexual predator. Appellant had ample opportunity to express his objections to the trial court or refuse to sign the Explanation of Duties to Register as a Sexual Predator. While appellant correctly argues that the "Explanation of Duties to Register as a Sexual Predator" was not a written stipulation to being classified as a sexual predator, the fact that appellant signed the document indicates his agreement with the stipulation. In fact, at every opportunity, appellant expressed his consent to the stipulation.
In the alternative, appellant argues that if he did stipulate to being classified as a sexual predator, he did not do so in a knowing, voluntary and intelligent manner. Rather, appellant contends that he was coerced into entering the stipulation so that he could get out of the county jail and return to his prison sooner. When appellant argues that the stipulation was not knowing, voluntary or intelligent, appellant implies that the trial court was required to comply with Crim.R. 11(C)(2) in accepting appellant's stipulation to a sexual predator status.[2]
However, a trial court is only required to comply with Crim.R. 11(C)(2) in felony cases when the trial court is accepting a plea of guilty or no contest. See State v. Drennen (March 16, 2001), Huron App. No. H-00-007, unreported, 2001 WL 256117. Since this was a sexual offender classification hearing, in which appellant was not entering a plea of guilty or no contest, the trial court did not need to comply with Crim.R. 11(C)(2). Id. However, even if the trial court was required to ascertain whether appellant's stipulation was knowing, voluntary or intelligent, we find the record shows that the stipulation was entered knowingly, voluntarily and intelligently. The trial court informed appellant of the following rights:
 Appellant's right to a hearing at which the State of Ohio would present witnesses to testify as to whether appellant should be classified as a sexual predator.
 Appellant's right to an attorney who could require witnesses to testify on appellant's behalf to show that appellant should not be classified as a sexual predator.
Appellant's right not to testify at that hearing.
Further, the trial court ensured that appellant understood the nature of the proceeding, the consequences of being labeled a sexual predator, and that these consequences were for appellant's lifetime. Lastly, the trial court confirmed that appellant was not under the influence of drugs or alcohol. TR 4-9.
Appellant indicated that he understood his rights and that he was willing to waive his rights and consent to being labeled a sexual predator. Id. at page 9. We find that appellant knowingly, voluntarily and intelligently entered into the stipulation.
Appellant claims that there would be no reason for an offender to stipulate to a sexual predator classification and that he was coerced into making the stipulation. We cannot determine from the record why appellant chose to make such a stipulation. However, we have reviewed the record and see no demonstration of coercion.
As to appellant's argument that it was error to conduct a joint hearing, we find that appellant clearly consented to the conduct of the joint hearing. At the beginning of the hearing, appellant's counsel stated the following: "I have two other matters before the Court. They are both sexual offender classifications. . . . so it might be more expeditious for the Court to go through it with both of them at once." TR 3. Appellant raised no objection or disagreement with his counsel's suggestion. Further, the trial court asked appellant the following question: "Mr. Davidson, will it be acceptable to you if I ask questions of you and Mr. McCune at the same time?" Appellant answered "Yes, sir." TR 4. We find that any error, if any, was waived when appellant consented to the joint hearing.
Lastly, we address appellant's argument that the trial court erred when it classified appellant as a sexual predator when no evidence was presented. Appellant stipulated to a finding that he be classified a sexual predator and waived his right to a hearing pursuant to R.C.2950.09(B). In such instances, the classification as a sexual predator is automatic and no hearing pursuant to R.C. 2950.09(B) is required.State v. Bolton (Feb. 24, 2000), Cuyahoga App. No. 75865, unreported, 2000 WL 217763.
Appellant cites this Court to State v. McKinniss (March 21, 2001), Crawford App. No. 3-2000-23, unreported, 2001 WL 276339, for the proposition that there is no logical reason or incentive for an offender to stipulate to being found a sexual predator and that despite a stipulation by the offender, the trial court must conduct a hearing and follow the statutory requirements of R.C. 2950.09(B).[3] InMcKinniss, the court found that, despite a stipulation to a sexual predator classification, the trial court was required to review the factors delineated in R.C. 2950.09(B)(2) and inquire into any facts that would support the conclusion that the offender was a sexual predator. However, the McKinniss court was concerned that the offender's allegations that he was misled as to the sexual offender status to which he was stipulating were true. McKinniss claimed he was told by his attorney that McKinnis was stipulating to a finding that he be classified as a sexual offender. McKinniss claims that his attorney told him the trial court misspoke when it stated that he would be classified as a sexual predator and that the mistake would be corrected. We have no similar concern in this case.
Further, we disagree with the McKinnis court's requirement that the trial court must comply with R.C. 2950.09(B)(2)'s requirements despite a stipulation and waiver of the right to a 2950.09(B) hearing. We find no reason to declare that an offender cannot waive the hearing and stipulate to a classification as a sexual predator. The Ohio Supreme Court has recognized that "[a]s a general rule, the doctrine of waiver is applicable to all personal rights and privileges, whether secured by contract, conferred by statute, or guaranteed by the Constitution, provided that the waiver does not violate public policy." State ex rel.Hess v. Akron (1937), 132 Ohio St. 305, 307; See also, Society NationalBank v. Security Fed. Savings Loan (1994), 71 Ohio St.3d 321, 329.
Therefore, we conclude that the trial court did not error in accepting appellant's stipulation to a sexual predator classification.
Appellant's second assignment of error is overruled.
 I
In appellant's first assignment of error, appellant contends that the trial court erred when it proceeded with classification of appellant as a sexual predator, a civil matter, under the original criminal case number. Appellant argues that sexual offender classifications are civil matters and, as such, must be instigated through the filing of a civil complaint, pursuant to Civ.R. 3(A)[4]. We disagree.
We find that there is no need for the State to file a civil complaint in order to initiate the sexual offender classification process, as contained in Chapter 2950. This issue was addressed by the Montgomery County Court of Appeals as follows:
 [W]e think that R.C. 2509.09(C)(1) [sic] is a "special statutory proceeding" because the legislature has provided explicit statutory procedures for classifying offenders who were convicted before January 1, 1997, and who were still imprisoned after that date. However, this does not mean that the Civil Rules are inapplicable. Even if sexual predator hearings are considered special statutory proceedings, the Civil Rules will still apply unless a good reason exists for deviating from the rules. Civ.R. 1(C). See also, Staff Notes to Civ.R. 1. . . .
 Although good reasons may require the application of various Civil Rules to sexual predator hearings, we see no reason to apply Civ.R. 3 to the initiation of the R.C. 2509.09(C)(1) [sic] process. First of all, filing separate civil actions is impractical, since existing criminal cases already contain many records needed for assessing an offender's status. The only thing separate actions would accomplish is unnecessary duplication of records.
 Second, a civil complaint and the House Bill 180 screening form both serve a similar function. In this regard, R.C. 2950.09(C)(1) says that if an offender committed a sexual offense before January 1, 1997, and is still imprisoned after that date, ODRC [Ohio Department of Rehabilitation and Corrections] must decide whether to recommend the offender's classification as a sexual predator. If ODRC decides that the offender should be designated a sexual predator, it must send the recommendation to the court that sentenced the offender. This process is quite similar to filing a civil complaint with a court. Both the complaint and the screening form contain certain "allegations" that give an opposing party notice of relevant issues. And, as with civil cases, a sex offender must be given appropriate notice of the date, time, and place of any classification hearing. R.C. 2950.09(C)(2)(b).
 Significantly, a trial court is not bound by the ODRC recommendation, anymore than it is bound by the allegations in a civil complaint. . . . Therefore, we see no purpose in substituting a civil complaint for the ODRC screening form.
 State v. Marshall (Nov. 16, 2001), Montgomery App. No. 18587, unreported, 2001 WL 1468893.
We agree with the Montgomery County Court of Appeals. We find that the State was not required to file a civil complaint to initiate this action.
Accordingly, we find appellant's argument meritless. Appellant's second assignment of error is overruled.
 III
In appellant's third assignment of error, appellant argues that the trial court erred when it failed to conduct appellant's sexual predator hearing in accordance with the dictates of State v. Eppinger (2001),91 Ohio St.3d 158. We disagree.
Appellant contends that the trial court was required to conduct the hearing in accordance with the "model procedure" set forth by the Ohio Supreme Court in Eppinger, supra. While Eppinger did set forth the standards for a model hearing, we find that it is inapplicable to this case. In Eppinger, the offender did not stipulate to being classified as a sexual predator. In the case sub judice, appellant waived his right to a hearing and stipulated to being classified a sexual predator. As such, the classification as a sexual predator was automatic and no hearing was required. State v. Bolton (Feb. 24, 2000), Cuyahoga App. No. 75865, unreported, 2000 WL 217763.
Appellant's third assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By EDWARDS, J. GWIN, P.J. and WISE, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to appellant.
[1] Specifically, appellant contends that acceptance of his "guilty plea" was error. However, since the hearing and determination in question concern whether appellant should be classified as a sexual predator and not whether appellant is guilty of the offenses of which he was charged, it is appropriate to consider appellant's agreement a "stipulation" rather than a "guilty plea."
[2] Criminal R. 11(C)(2) states the following:
 In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
[3] R.C. 2950.09(B)(2), states the following:
 In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
[4] Civ.R. 3(A) states, the following, in pertinent part: "A civil action is commenced by filing a complaint with the court. . . ."