SANITARY COMMERCIAL SERVICES, INC., APPELLEE, *v.* SHANK, DIRECTOR OF ENVIRONMENTAL PROTECTION, APPELLANT.

[Cite as Sanitary Commercial Services, Inc. *v.* Shank (1991), 57 Ohio St. 3d 178.]

(No. 90-69—Submitted December 19, 1990—Decided February 13, 1991.)

*Arter & Hadden, Richard P. Fahey, Martin H. Lewis* and *R. Stacy Lane,* for appellee.

*Lee I. Fisher,* attorney general, *Paula T. Cotter* and *Retanio A. Rucker,* for appellant.

WRIGHT, J. This case presents the question of whether an aggrieved party, who is entitled to a discretionary appeal from an order of the director of a state agency, may waive that right to appeal under the following conditions: where the aggrieved party knew of the right to appeal, intended to waive that right, and gave and received sufficient consideration for waiving that right. We answer this question in the affirmative. For the reasons stated below, we reverse the judgment of the court of appeals and reinstate the decision of the EBR.

## I

In order to determine whether the Settlement Agreement contained a valid and enforceable waiver of Fields' and SCS's right to appeal from the Director of Environmental Protection's shutdown order, we must first ascertain whether an aggrieved party under these circumstances should ever be permitted to waive the right to appeal. "As a general rule, the doctrine of waiver is applicable to all personal rights and privileges, whether secured by contract, conferred by statute, or guaranteed by the Constitution, provided that the waiver does not violate public policy." *State, ex rel. Hess,* v. *Akron* (1937), 132 Ohio St. 305, 307, 8

---

[1] SCS also appealed to the Court of Appeals for Franklin County, pursuant to R.C. 3745.06, in September 1988. SCS subsequently filed a motion to dismiss that appeal, which was granted.

O.O. 76, 77, 7 N.E. 2d 411, 413. See *State, ex rel. Ford,* v. *Bd. of Edn.* (1943), 141 Ohio St. 124, 25 O.O. 241, 47 N.E. 2d 223. From early in this state's history, we have held that a party participating in a consent judgment will not be allowed to appeal errors from that judgment. *Wells* v. *Warrick Martin & Co.* (1853), 1 Ohio St. 386, paragraph one of the syllabus; *Jackson* v. *Jackson* (1865), 16 Ohio St. 163, paragraph one of the syllabus, citing *Wells, supra.*

This court has permitted a party to a criminal proceeding to waive a number of substantial rights. In *State* v. *Frohner* (1948), 150 Ohio St. 53, 37 O.O. 406, 80 N.E. 2d 868, paragraph one of the syllabus, we allowed the accused to waive the right to trial by jury. In *State* v. *Greer* (1988), 39 Ohio St. 3d 236, 240, 530 N.E. 2d 382, 390-391, a homicide suspect was allowed to waive not only his right to avoid making potentially incriminating statements to police, but also to waive his right to refuse entry to police for a warrantless search. This court allowed the accused to waive the right to exclude improper testimony in *State* v. *Lancaster* (1971), 25 Ohio St. 2d 83, 86-88, 54 O.O. 2d 222, 223-225, 267 N.E. 2d 291, 293-295.

This court has also permitted a party to a civil proceeding to waive a number of important rights. For example, we upheld a debtor's waiver of his right to select, and hold as exempt, property in an insolvency proceeding in *Butt* v. *Green* (1876), 29 Ohio St. 667. In that case, we stated, "[w]here a statutory right is personal, it may be waived by the party for whose benefit it was intended." *Butt, supra,* at 670. We also recognized the right of claimants to waive the right to a jury trial to determine the amount of State Insurance Fund awards in *State, ex rel. Yaple,* v. *Creamer* (1912), 85 Ohio St. 349, 97 N.E. 602, and recognized that a party may waive the right to challenge jurors in *Butt, supra,* at 670-671. In *Scott* v. *Columbus* (1923), 109 Ohio St. 193, 142 N.E. 25, we upheld waivers by separate landowners to have their parcels individually appraised in a municipal appropriation case. Recently, in *Knapp* v. *Knapp* (1986), 24 Ohio St. 3d 141, 24 OBR 362, 493 N.E. 2d 1353, we recognized that a couple seeking a dissolution of their marriage waived their right to challenge the trial court's dissolution decree, except as statutorily permitted.

In the case before us, waiving the discretionary appeal provided in R.C. 3745.06 of the Director's order surely creates no more adverse impact upon an aggrieved party than did the waivers outlined above. Further, nothing in the Ohio Constitution or in R.C. Chapter 3745 governing the OEPA bars such a waiver. Therefore, we hold that a party aggrieved by an order from the Director of Environmental Protection may validly waive the discretionary right to appeal provided by R.C. 3745.06.

## II

Because we have found that Fields and SCS could have validly waived their right to appeal the Director's order, we will next determine whether Fields and SCS did in fact conclusively waive that right. As stated above, Fields and SCS participated in settlement negotiations and were provided with the opportunity to revise the proposed language in the Settlement Agreement. Additionally, Fields and SCS were represented by counsel at these negotiations; indeed, their counsel was one of the signatories to the Settlement Agreement. Finally, because Fields operated landfills in Jackson County since at least 1972 and

held an Ohio EPA Solid Waste Disposal License, he was on constructive notice as to Ohio statutes and regulations governing sanitary landfills.

Thus, we find no threshold violation of Fields' and SCS's due process rights in enforcing this Settlement Agreement and proceed to examine the language of the agreement itself to determine what rights and responsibilities the parties created in the agreement.

"In construing any written instrument, the primary and paramount objective is to ascertain the intent of the parties. The general rule is that contracts should be construed so as to give effect to the intention of the parties." *Aultman Hosp. Assn.* v. *Community Mut. Ins. Co.* (1989), 46 Ohio St. 3d 51, 53, 544 N.E. 2d 920, 923; *Employers' Liability Assurance Corp.* v. *Roehm* (1919), 99 Ohio St. 343, 124 N.E. 223, 7 A.L.R. 182, syllabus; *Skivolocki* v. *East Ohio Gas Co.* (1974), 38 Ohio St. 2d 244, 67 O.O. 2d 321, 313 N.E. 2d 374, paragraph one of the syllabus.

Additionally, "[w]here the parties, following negotiations, make mutual promises which thereafter are integrated into an unambiguous written contract, duly signed by them, courts will give effect to the parties' expressed intentions." *Aultman Hosp. Assn., supra,* at 53, 544 N.E. 2d at 923; *Henderson-Achert Lithographic Co.* v. *John Shillito Co.* (1901), 64 Ohio St. 236, 252, 60 N.E. 295, 298. See, also, *Charles A. Burton, Inc.* v. *Durkee* (1952), 158 Ohio St. 313, 49 O.O. 174, 109 N.E. 2d 265.

As stated above, the Settlement Agreement allowed the OEPA to elect to issue enforcement findings and orders if Fields and SCS missed a milestone date. It is crystal clear that Fields missed the milestone dates requiring Fields to timely submit to OEPA hydrogeological studies and a Permit to Install Application. Thus, the Director had the authority to issue his order for Fields and SCS to begin a shutdown of the landfills.

SCS asserts that by using the words "enforcement Findings and Orders" in the Settlement Agreement instead of the words "cease and desist," the parties intended that the agreement would merely permit the Director to take action short of ordering a shutdown of the landfills. This argument has no merit. "Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." *Alexander* v. *Buckeye Pipe Line Co.* (1978), 53 Ohio St. 2d 241, 7 O.O. 3d 403, 374 N.E. 2d 146, paragraph two of the syllabus. Since the parties chose to use the words "enforcement Findings and Orders" and a rational interpretation of those words would require the Director to proceed in the manner in which he did, we find the Director's action to have been within the scope of the agreement.

Finally, we note that the Settlement Agreement was supported by sufficient consideration to be enforceable. Fields and SCS surrendered their rights to appeal from the Director's order and gained the opportunity to expand their landfill activities through the Permit to Install application process. The OEPA surrendered its right to sanction Fields and SCS for then-existing violations of statutes and regulations governing landfills. Conversely, the OEPA gained the ability to issue orders at a future date upon the recurrence of specified conditions without the necessity of defending its actions through protracted appellate litigation.

Generally, an aggrieved party may waive a right to appeal an order of the OEPA in exchange for other consideration. Specifically, Fields and SCS waived their appeal rights in the Settlement Agreement. Therefore, we reverse the judgment of the court of appeals and reinstate the decision of the EBR.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, H. BROWN and RESNICK, JJ., concur.