HARRIS, Appellant,

v.

**MIAMI COUNTY SHERIFF'S DEPARTMENT, Appellee.**

[Cite as *Harris v. Miami Cty. Sheriff's Dept.,* 160 Ohio App.3d 435, 2005-Ohio-1713.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 2004 CA 29.

Decided April 8, 2005.

Jeffrey D. Slyman, for appellant.

James R. Dicks Jr., Assistant Prosecuting Attorney, for appellee.

DONOVAN, Judge.

{¶ 1} William Harris is appealing the judgment of the Miami County Common Pleas Court which denied his administrative appeal of the decision of the Miami County Sheriff to deny his application for a license to carry a concealed weapon.

{¶ 2} In the fall of 2000, Heidi Keller requested and received an ex parte civil protection order against Harris on October 19, 2000. This temporary restraining order, pursuant to R.C. 2903.214, was eventually dismissed when the court entered an order pursuant to a consent agreement on December 4, 2000. The document stated:

{¶ 3} "By Agreement of the parties, [Harris] agrees:

{¶ 4} "A.) Not to abuse the above-referred protected person or their family or household members by harming, attempting to harm, threatening, molesting, following, stalking, bothering, harassing, annoying, contacting, or forcing sexual relations upon them.

{¶ 5} "B.) Not to enter, approach or contact, including contact by any media, writing, e-mail, fax, telephone, voicemail, and delivery service in person or through any other person to the residence, school, business and place of employment of the protected persons, and their family or household members.

{¶ 6} "C.) Not to damage any property of the protected persons or their family."

{¶ 7} The consent agreement provided that it would be in effect for five years. Additionally, it provided that a violation of the agreement would be punishable as a first-degree misdemeanor under Ohio law.

{¶ 8} On May 3, 2004, Harris filed an application with the sheriff for a license to carry a concealed handgun. The application for the license asked, among other things, whether Harris was currently the subject of a civil protection order, a temporary protection order, or a protection order issued by a court of this or any other state. Harris indicated that he was not the subject of any such protection order. When the sheriff performed a background check on Harris, he found that Harris was the subject of a protection order issued by the Greene County Common Pleas Court. On May 17, 2004, the sheriff denied Harris's license application, finding that he was the subject of a protection order that did not expire until December 3, 2005.

{¶ 9} Harris filed an administrative appeal of the sheriff's decision pursuant to R.C. 119.12 with the Miami County Common Pleas Court. An evidentiary hearing on the appeal was held on July 9, 2004. After examining testimony, exhibits, stipulations of fact and memorandums of both parties, the trial court affirmed the sheriff's decision. Harris is now appealing this judgment.

{¶ 10} Harris raises the following as his sole assignment of error:

{¶ 11} "The trial court erred in determining that the administrative order rendered by the Miami County Sheriff was supported by reliable, probative, and substantial evidence and was in accordance with law."

{¶ 12} Harris argues that the trial court erred in concluding that he was subject to a civil protection order and thus that the sheriff did not err in refusing to grant him the license. We disagree.

{¶ 13} When a common pleas court reviews an administrative agency's decision pursuant to R.C. 119.12, the court must presume that the agency's decision is correct. *VFW Post 8586 v. Ohio Liquor Control Comm.* (1998), 83 Ohio St.3d 79, 81, 697 N.E.2d 655. If, after reviewing the entire record before the agency, the court finds that the agency's decision was supported by a preponderance of substantial, reliable, and probative evidence, the court must affirm the agency's decision. Id. When reviewing the trial court's judgment, an appellate court is limited to determining whether the trial court abused its discretion in reviewing the administrative order. *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240. Absent an abuse of discretion, the trial court's decision must be affirmed. Id. An abuse of discretion amounts to more than a mere error in law

or judgment, but indicates the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

{¶ 14} Ohio has recently enacted laws that create the privilege of carrying a concealed handgun. However, R.C. 2923.125(D)(1) prohibits a sheriff from issuing a license to carry a concealed handgun to anyone who is "currently subject to a civil protection order, a temporary protection order, or a protection order issued by a court of another state." R.C. 2923.125(D)(1)(j). In Ohio, a civil protection order is a "protection order issued, or consent agreement approved, under section 2903.214 * * * of the Revised Code." R.C. 2923.124(I).

{¶ 15} The issue disputed by the parties in this case is whether the consent agreement entered into by Harris is a civil protection order, as the sheriff found, and therefore whether Harris is barred from obtaining a license to carry a concealed weapon. In this case, the consent agreement at issue originates from the filing of a petition for an ex parte civil protection order under R.C. 2903.214 in Greene County. This statute grants common pleas courts jurisdiction to hear causes of action that seek relief in the form of a civil protection order. R.C. 2903.214(A)(1) and (B). R.C. 2903.214 permits common pleas courts to "issue any protection order, with or without bond, that contains terms designed to ensure the safety and protection of the person to be protected by the protection order." R.C. 2903.214(E)(1).

{¶ 16} In this case, the Greene County Common Pleas Court resolved the petition for a civil protection order by a consent agreement of the parties. The consent agreement was entered as an order of the trial court. The agreement was signed by Harris under the advice of counsel and prohibits Harris from harming or harassing the protected persons or injuring the protected persons' property for a period of five years. Additionally, the court's order provided that a violation of the consent agreement could be prosecuted as a first-degree misdemeanor.

{¶ 17} Harris argues that the consent agreement was not a civil protection order. In support of this argument, Harris asserts that R.C. 2903.214 does not authorize a trial court to issue a consent agreement. However, as we stated above, R.C. 2903.214(E)(1) allows the court to issue any protection order that is designed to protect the person named in the order. The consent agreement states that a violation of the order shall be prosecuted as a first-degree misdemeanor. However, the court would not have the authority to criminally punish Harris for violating its order unless that authority had been specifically granted to it by R.C. 2903.214(K). Upon examining the consent agreement, it is apparent that each of the elements agreed to by Harris and then written into the court's

order through the agreement was designed to ensure the safety and protection of Keller, who initially sought the civil protection order. Therefore, we agree with the sheriff that consent agreements, such as the one in this case, are within the jurisdiction and authority of the Greene County Common Please Court to issue under R.C. 2903.214. Since consent agreements can be issued under the authority of R.C. 2903.214, we cannot say that the lower court abused its discretion in finding that this consent agreement was a civil protection order.

■ {¶ 18} Harris additionally argues that R.C. 2903.214 is unconstitutional. Harris directs this court to an opinion by the Montgomery County Common Pleas Court, which, he argues, found that R.C. 2903.214 is unconstitutional. However, we need not address this Montgomery County decision because Harris waived any argument that R.C. 2903.214 was unconstitutional by entering into a consent agreement in the action brought under R.C. 2903.214.

{¶ 19} Having reviewed the record in this case, we cannot say that the trial court abused its discretion in reviewing the evidence and determining that the consent agreement Harris entered into was a civil protection order and therefore that the sheriff was correct in refusing to grant Harris a license to carry a concealed weapon. Harris's assignment of error is without merit and is overruled.

{¶ 20} The judgment of the trial court is affirmed.

Judgment affirmed.

WOLFF and FAIN, JJ., concur.