[Cite as *Windsor v. Bristow*, 2018-Ohio-1020.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| DARLENE K. WINDSOR | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| LONNY BRISTOW | : | Case No. 17CA86 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Richland County
                                      Court of Common Pleas, Case No.
                                      17-CV-0635 D




JUDGMENT:                             Affirmed




DATE OF JUDGMENT:                     March 15, 2018




APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

DARLENE K. WINDSOR, pro se            LONNY BRISTOW, pro se
1478 State Route 545                  P.O. Box 1316
Mansfield, Ohio 44905                 Wooster, Ohio 44691

*Baldwin, J.*

{¶1}   Appellant, Lonny Bristow, appeals the Richland County Court of Common Pleas issuance of a consent order establishing a stalking civil protection order pursuant to R.C. 2903.214.  Appellee is Darlene K. Windsor.

## STATEMENT OF FACTS AND THE CASE

{¶2}   On August 31, 2017 appellee filed a petition for civil stalking protection order pursuant to R. C. 2903.214 seeking protection for herself, her spouse, and her children. Within the petition she alleged that appellant was a "convicted vexatious litigant" who filed multiple lawsuits against her seeking damages from $25,000.00 to $100,000.00 and asking that her assets be frozen. She alleged appellant has filed in excess of 60 lawsuits causing her physical and mental distress and requiring treatment by her physician. She claimed that litigation lists her children and that she was concerned appellant would retaliate by pursuing litigation against her children if he was unable to pursue lawsuits against her.

{¶3}   An ex parte order was issued granting a temporary civil protection order on August 31, 2017. On September 5, 2017 the trial court transferred the case to Judge James DeWeese because Judge Brent N. Robinson's impartiality had been questioned.

{¶4}   Thereafter, appellant filed several motions. On September 7, 2017 he filed a motion captioned "Motion to Dismiss Pursuant to the Unclean Hands Doctrine and Abuse of Process." On that same date he filed motions captioned "Motion to Dismiss Due to Mootness," "Motion to Prevent Petitioner from Dismissing this Case," "Respondent's First and Last Motion for an Extension of Time for a Full Hearing," and " Motion To Set Dispositive Motions For An Evidentiary Hearing." Appellee filed several responses, all

captioned "Motion to Dismiss" but a review of those responses reveals that they were in fact memoranda contra appellant's motions.

{¶5} On September 12, 2017 the trial court reviewed the respondent's motions and "found each one to lack demonstrated merit." A full hearing on the civil stalking protection order was scheduled for September 13, 2017 at 9:00 AM and the trial court ordered that it proceed as scheduled.

{¶6} On September 13, 2017 an order of protection was journalized on the standard form approved by the Supreme Court of Ohio. On the first page of that order the word "consent" is hand written and on the 2nd page the typewritten notation "consent agreement" appears.  Paragraph 14 of the order states "all of the terms of this order shall remain in full force and effect for a period of 5 years from issuance or until 09/13/2023."

{¶7} The last page of the protection order contains the following waiver language:

I, Lonny Lee Bristow understand that I have the right to a full hearing on the petition for civil stalking protection order or civil sexually oriented offense protection order, and acknowledge each of the following:

1.      I waive the right to have a full hearing on this protection order;

2.      I waive the right to cross-examine witnesses and review evidence submitted in support of this protection order;

3.      I waive the right to present witnesses and evidence on my own behalf;

4.      I waive the right to request specific factual findings from the court concerning the issuance of this protection order.

I understand that based on the waivers listed above, a protection order will be entered against me.

{¶8} The signatures of the appellant and the appellee follow this waiver language, both dated September 13, 2017.

{¶9} On October 5, 2017 the trial court issued an "Amendment to Order of Protection to Reflect 5 Year Maximum Effective Date." The court corrected the order of protection to show that the order was "effective until 09/13/2022 instead of 09/13/2023" "to reflect the agreement of the parties that the order of protection would be for a five year period from September 13, 2017."

{¶10} On October 2, 2017 appellant filed a motion for leave to proceed with a notice of appeal in a protection order case pursuant to the requirements of R.C. 2323.52(F)(2). While not expressly admitted in this motion, it is implied and later conceded by appellant that he has been deemed a vexatious litigator whose filings are controlled by R.C. 2323.52. On October 27, 2017 this court ordered appellant to provide a copy of the order he sought to appeal before considering his motion. On November 8, 2017 appellant complied and, on November 17, 2017 appellant was granted leave to appeal the consent order. Appellant's notice of appeal was filed on November 22, 2017.

{¶11} Appellant submits three assignments of error:

{¶12} I. THE TRIAL COURT EXCEEDED ITS JURISDICTION IN MAKING THE TERMS OF THE CIVIL STALKING PROTECTION ORDER FOR SIX (6) YEARS WHERE TERMS OF SUCH AN ORDER ARE ONLY STATUTORILY VALID FOR FIVE (5) YEARS.

{¶13} II. THE TRIAL COURT LACKED JURISDICTION TO AMEND ITS JUDGMENT AFTER THE MOTION FOR LEAVE TO PROCEED WAS FILED.

{¶14} III. THE TRIAL COURT LACKED JURISDICTION AND AUTHORITY TO ORDER APPELLANT NOT COMMENCE LAWSUITS AGAINST APPELLEE IN ANY COURT.

## STANDARD OF REVIEW

{¶15} Appellant challenges the jurisdiction of the trial court in his assignments of error and does not dispute any factual matters. We note that appellant does not argue that he did not agree to the terms of the consent order or that his consent was fraudulently or wrongly obtained.   We will, therefore, review the trial court's actions de novo without any deference to its conclusions.  *Dazey v. Pollock*, 5th Dist. Stark No. 2006 CA 00064, 2006-Ohio-4850, ¶ 9, (citations omitted)

{¶16} We overrule appellant's first and second assignments of error because the trial court issued a correction on October 2, 2017 to reflect a termination date five years from its effective date as required by R.C.2903.214. The trial Court's order was issued well before the filing of the notice of appeal on November 22, 2017, so the trial court retained the authority to act and this court did not yet have jurisdiction over the matter. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 32 (2008); *State ex rel. DeWine v. Johnson*, 4th Dist. Athens No. 17CA13, 2017-Ohio-5701, ¶ 8

{¶17} We disagree with appellant's contention that the trial court's jurisdiction over the matter ended upon his filing for leave to initiate the appeal. Revised Code Section 2323.52 does toll the time within which a notice of appeal must be filed, but it has no

impact on the trial court's authority.  An appeal is initiated and the trial court divested of jurisdiction only by the filing of a notice of appeal. App. R. 3(A); *Arthur v. Trimmer*, 5th Dist. Delaware No. 02CA06029, 2003-Ohio-2034, ¶ 12.  The filing of the motion for leave to initiate appeal did not affect the trial court's jurisdiction to correct the error in the protective order.

**{¶18}** Appellant's first and second assignments of error are overruled.

**{¶19}** In his third assignment of error, appellant asks this court to find that the consent order to which he agreed is unenforceable because the trial court lacks jurisdiction to issue an order prohibiting his filing any legal action against the appellee. Appellant discusses the case of *Mayer v. Bristow*, 91 Ohio St.3d 3, 2000-Ohio-109, 740 N.E.2d 656 (2000) and the limitations on the trial court's authority to restrict his access to the courts. Appellant's reliance on *Mayer* is inapposite as the opinion in that case addressed an order issued by the trial court that stated "It is further ORDERED that any mail from Lonny Lee Bristow that is addressed to any court other than to Judge Nelfred G. Kimerline, as stated above, shall be forward[ed] to this Court for a determination as to its disposition."  The trial court in *Mayer* was struggling to control appellant's penchant to file litigation "for the only purpose of satisfying his vindictiveness through the filing of frivolous lawsuits." *Mayer, supra at p. 6* The opinion in *Mayer* does not address the issue of appellant entering into a consent order which includes within its terms a bar to his filing an action against appellee and her family in any court.

**{¶20}** Unlike the court in *Meyer, t*he trial court in the case sub judice did not issue an order barring the appellant from addressing any court. Instead, appellant and appellee entered into an agreement and submitted the same to the trial court for incorporation into

its order, after which all parties signed their agreement to the same. While *Mayer* holds that "A court of common pleas has no authority under R.C. 2323.52, or pursuant to its own inherent powers to prevent abuse of the judicial process, to restrict the activities of a vexatious litigator in courts other than these specifically enumerated Ohio trial courts." *Mayer*, supra, paragraph 2 of syllabus, that opinion does not prohibit appellant voluntarily and expressly waiving his right to file any lawsuit against the appellee or others listed in the order.

**{¶21}** While appellant was acting pro se in this matter, we conclude that he was well aware of his rights and the consequences of his actions before the trial court. Appellant's pro se participation in *Mayer v. Bristow*, this case and other matters he has pursued support the conclusion that he possesses adequate knowledge regarding his ability and right to access the courts. Appellant voluntarily waived that known right and expressly entered into a consent judgment waiving his right to pursue claims against appellee and her family. *Sanit. Commercial Services, Inc. v. Shank*, 57 Ohio St.3d 178, 181, 566 N.E.2d 1215, 1218 (1991); *State ex rel. Stacy v. Batavia Local School Dist. Bd. of Edn.*, 97 Ohio St.3d 269, 2002-Ohio-6322, 779 N.E.2d 216, ¶ 22 (2002);

**{¶22}** Consent orders such as the one in this case, are authorized in the context of civil protection orders issued pursuant to R.C. 2903.214. *Harris v. Miami Cty. Sheriff's Dept.,* 2nd Dist. No. 2004 CA 29, 160 Ohio App.3d 435, 2005-Ohio-1713, 827 N.E.2d 807, ¶ 17; *State v. Myers*, 10th Dist. Franklin No. 09AP-212, 2009-Ohio-4659, ¶ 2 We will not interfere with the clear and unambiguous agreement of the parties based upon the appellant's change of heart regarding the terms of the consent order. The Supreme Court of Ohio has noted that "[f]rom early in this state's history, we have held that a party

participating in a consent judgment will not be allowed to appeal errors from that judgment. *Wells v. Warrick Martin & Co.* (1853), 1 Ohio St. 386, paragraph one of the syllabus; *Jackson v. Jackson* (1865), 16 Ohio St. 163, paragraph one of the syllabus, citing Wells, supra. *Sanit. Commercial Services, Inc. v. Shank*, 57 Ohio St.3d 178, 181, 566 N.E.2d 1215, 1218 (1991). The record in this case provide no reason to deviate from this precedent.

{¶23} For those reasons, we find *Mayer* inapplicable and overrule appellant's third assignment of error.

{¶24} For the forgoing reasons, the decision of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.

By: Baldwin, J.

John Wise, P.J. and

W. Scott Gwin, J. concur.