[Cite as *State v. Dillon*, 2018-Ohio-2421.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27603 |
| | : | |
| v. | : | Trial Court Case No. 16-CRB-2301 |
| | : | |
| ROBERT M. DILLON | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of June, 2018.

. . . . . . . . . . .

CHRISTINE L. BURK, Atty. Reg. No. 0050559, 10 N. First Street, Miamisburg, Ohio 45342
    Attorney for Plaintiff-Appellee

MISTY M. CONNORS, Atty. Reg. No. 0075457, 4050 Willow Run Drive, Dayton, Ohio 45430
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Robert M. Dillon appeals from his conviction and sentence on one count of misdemeanor assault.

{¶ 2} In his sole assignment of error, Dillon challenges the legal sufficiency of the evidence to support his conviction.

{¶ 3} The record reflects that Dillon was charged with assault for allegedly hitting his next-door neighbor. The matter proceeded to a bench trial in municipal court. The only prosecution witness was appellant's neighbor, the victim. He testified that he looked out his window and saw Dillon throwing leaves over a fence and into his, the neighbor's, back yard. The neighbor reported the incident to police. An officer responded and knocked on Dillon's door but got no response. Later that day, the neighbor was doing yard work when Dillon suddenly ran toward him and punched him in the face. The neighbor testified that he fell to the ground and that Dillon kicked him in the face. (Trial Tr. at 8-12).

{¶ 4} On cross examination, the neighbor testified that the assault left red marks on his face. (*Id.* at 20). Defense counsel then questioned the neighbor about a statement he gave to police after the incident. In the statement, the neighbor had claimed Dillon had punched him in the face and had "tried" to kick him. (*Id.* at 23-24). The neighbor acknowledged the discrepancy, insisting that he was under duress when he gave the statement and that Dillon actually did kick him. (*Id.* at 23-26). On redirect examination, the neighbor testified that the red marks he saw on his face after the assault had subsided by the time police arrived. (*Id.* at 28).

{¶ 5} Defense counsel then made a Crim.R. 29 motion for judgment of acquittal, citing the discrepancy about whether Dillon kicked the neighbor or had only tried to do so.

(*Id.* at 29). The trial court overruled the motion, noting that the victim's trial testimony and his police statement both alleged that Dillon had punched him. (*Id.*). Defense counsel proceeded to call James Duff, the investigating officer, to testify. Duff acknowledged that his police report said Dillon had attempted to kick the victim in the face. (*Id.* at 37). Duff also testified that he did not observe any injuries to the neighbor. (*Id.* at 37). He further testified that he had reviewed a video from the neighbor's cell phone showing Dillon walking away from the victim with his middle finger in the air. (*Id.* at 36). According to the victim, the video inadvertently had been deleted before trial. (*Id.* at 13).

{¶ 6} Defense counsel then called Dillon testify on his own behalf. Dillon denied punching his neighbor in the face or attempting to kick him. (*Id.* at 41). He testified that he was seventy-one years old at the time of the incident and that he had "mobility issues," including knee surgery that made it difficult for him to walk. (*Id.*). He stated that he used a motorized cart or a cane for assistance and that he could not run. (*Id.* at 42). Dillon denied having any interaction at all with the neighbor on the day in question. (*Id.* at 43). On cross examination, Dillon denied being able to kick or strike the neighbor and claimed that all of the neighbor's testimony was false. (*Id.* at 47). Dillon testified that the two men are friends and that he had no idea why his neighbor was lying. (*Id.* at 47-48).

{¶ 7} The prosecutor called Officer Duff as a rebuttal witness. Duff testified that he previously had observed Dillon in court walking, standing, and sitting without the use of a cane or a motorized scooter. (*Id.* at 53).

{¶ 8} After hearing the evidence, the trial court found Dillon guilty of assault. (*Id.* at 58). The trial court filed a judgment entry memorializing the finding of guilt and imposing a sentence that included a suspended jail term, one year of reporting probation, an anger-

management class, a no-contact order, and a fine and court costs totaling $515. (Doc. # 15). This appeal followed.[1]

{¶ 9} In his assignment of error, Dillon contends the trial court erred in overruling his Crim.R. 29 motion. He asserts that the State presented legally insufficient evidence to sustain his conviction because no reasonable trier of fact could have found him guilty based on the neighbor's testimony. In support, he notes the discrepancy about whether he kicked his neighbor or tried to do so. Dillon also cites Officer Duff's failure to observe any injury to the neighbor and his own testimony that he had mobility issues due to knee surgery.

{¶ 10} When a defendant challenges the sufficiency of the evidence, he is arguing that the State presented inadequate evidence on an element of the offense to sustain the verdict as a matter of law. *State v. Hawn*, 138 Ohio App.3d 449, 471, 741 N.E.2d 594 (2d Dist. 2000). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 11} Here a rational trier of fact could have found Dillon guilty of misdemeanor assault. The neighbor's testimony that Dillon punched him in the face, if believed, is legally

---

[1] Although the present case involves a misdemeanor conviction, it is not moot because the municipal court's docket indicates that Dillon's fine remains unpaid. Therefore, he has not voluntarily completed his sentence.

sufficient to support the conviction. Dillon's arguments fail to persuade us otherwise. As for the neighbor's statements about Dillon kicking him or merely trying to kick him, the neighbor explained that he was under duress when he gave his police statement. He insisted at trial that Dillon actually kicked him, and the trial court was entitled to believe this testimony. In any event, in light of the victim's consistent statements about being punched, the trial court was not even required to find that he also was kicked in order to convict Dillon. As for the absence of an observable injury, the neighbor explained that he had a red mark on his face that disappeared by the time police arrived. Finally, the trial court was entitled to disbelieve Dillon's testimony that mobility issues precluded him from committing an assault and that no assault had occurred.

{¶ 12} In short, the State's evidence, if believed, was legally sufficient to support Dillon's conviction. Therefore, the conviction is not based on legally insufficient evidence. Dillon's assignment of error is overruled.

{¶ 13} The judgment of the Miamisburg Municipal Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P. J., and TUCKER, J., concur

Copies mailed to:

Christine L. Burk
Misty M. Connors
Hon. Robert W. Rettich, III