[Cite as *Kettering v. Fritz*, 2019-Ohio-3388.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| CITY OF KETTERING | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28319 |
| | : | |
| v. | : | Trial Court Case No. 2019-CRB-26 |
| | : | |
| DEXTER L. FRITZ | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of August, 2019.

. . . . . . . . . . .

NOLAN C. THOMAS, Atty. Reg. No. 0078255, City of Kettering Prosecuting Attorney, 2325 Wilmington Pike, Kettering, Ohio 45420
    Attorney for Plaintiff-Appellee

DEXTER L. FRITZ, 523 Evergreen Avenue, Dayton, Ohio 45402
    Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Dexter Fritz appeals, pro se, from a judgment finding him guilty of possession of a controlled substance, marijuana, in an amount less than 100 grams. Following a bench trial and the finding of guilt, the trial court fined Fritz $10. According to Fritz, the trial court erred in failing to believe the testimony of a witness, who allegedly said that the marijuana belonged to him and that he had accidently left it in Fritz's truck.

{¶ 2} For the reasons that follow, we find the appeal without merit, and will affirm the judgment of the trial court.

## I. Facts and Course of Proceedings

{¶ 3} According to the docket, a criminal complaint was filed in the Kettering Municipal Court on January 2, 2019, alleging that on December 28, 2018, Fritz unlawfully possessed a controlled substance, marijuana, in an amount less than 100 grams, in violation of R.C. 2925.11. According to the police officer's statement accompanying the citation, a search was conducted after the officer detected a strong odor of raw marijuana emanating from the vehicle. The search disclosed a folder containing suspected marijuana in the center console, and Fritz admitted that the marijuana belonged to him.

{¶ 4} Fritz pled not guilty to the charge, and the court then conducted a minor misdemeanor bench trial on January 29, 2019. After finding Fritz guilty, the trial court imposed a $10 fine, and this timely pro se appeal followed.

## II. Alleged Error

{¶ 5} Fritz's appellate brief, which consists of slightly over three hand-written

pages, does not comply with App.R. 16(A) in most respects. Among other things, Fritz failed to comply with App.R. 16(A)(3), which requires "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." In addition, Fritz failed to comply with App.R. 16(A)(7), which mandates "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

{¶ 6} Pro se litigants are held to the same procedures and standards as parties who obtain counsel, and we may disregard briefs that fail to comply with App.R. 16(A). *See* App.R. 12(A) and *Holfinger v. Stonespring/Carespring, L.L.C.*, 2d Dist. Montgomery No. 27091, 2016-Ohio-7982, ¶ 27-31. However, in the interests of justice, we will briefly consider Fritz's brief, rather than striking the brief or summarily dismissing the appeal. *State v. Bolton*, 2017-Ohio-8903, 100 N.E.3d 1275, ¶ 13 (2d Dist.).

{¶ 7} From reading Fritz's brief, he appears to claim that the trial court erred in failing to credit the testimony of his witness, who accepted responsibility for the marijuana, and indicated he had accidently left it in Fritz's truck. Fritz also appears to contend that the trial court ignored the witness's testimony because the witness was African-American and did not wear a suit and tie to court.

{¶ 8} We cannot address these issues because Fritz failed to file a transcript of the bench trial as required by App.R. 9(B). "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). "When portions of the

transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id. Accord State v. White*, 2018-Ohio-2573, 115 N.E.3d 878, ¶ 12 (2d Dist.).

{¶ 9} As the State notes in its brief, the issues that Fritz appears to raise involve credibility issues, and we cannot decide them in the absence of a transcript. The violation with which Fritz was charged states that: "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." R.C. 2925.11(A). In cases such as this, where less than 100 grams of marijuana are involved, the violation is a minor misdemeanor. *See* R.C. 2925.11(C)(3)(a).

{¶ 10} Possession of drugs may be found through either constructive possession or actual physical possession. *State v. Flores-Lopez*, 2d Dist. Montgomery No. 26964, 2016-Ohio-7687, ¶ 30. Furthermore, "[w]hether a person 'knowingly possessed * * * a controlled substance is to be determined from all the attendant facts and circumstances available.' " *Id.* at ¶ 31, quoting *State v. Teamer*, 82 Ohio St .3d 490, 492, 696 N.E.2d 1049 (1998).

{¶ 11} According to the complaint, the marijuana was found in the console of the automobile that Fritz was driving. Fritz, of course, was entitled to bring in a witness to testify that the marijuana belonged to the witness, rather than Fritz. The trial court was also entitled, as the trier of fact, to believe or disbelieve the testimony. *State v. Dillon*, 2d Dist. Montgomery No. 27603, 2018-Ohio-2421, ¶ 11. Again, because these issues relate to credibility, we cannot rule on them in the absence of the transcript, and must affirm the trial court's judgment. Accordingly, Fritz's assignment of error, as we construe

it, is without merit, and must be overruled.

### III.   Conclusion

{¶ 12} Fritz's assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Nolan C. Thomas
Dexter L. Fritz
Hon. James F. Long