[Cite as *Clements v. Brown*, 2022-Ohio-1959.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| WHITNEY CLEMENTS | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29311 |
| | : | |
| v. | : | Trial Court Case No. 2021-CV-4189 |
| | : | |
| CHRISTINE BROWN | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 10th day of June, 2022.

. . . . . . . . . .

WHITNEY CLEMENTS, 731 Almond Avenue, Dayton, Ohio 45417
      Plaintiff-Appellee, Pro Se

CHRISTINE BROWN, 4429 Nevada Avenue, Dayton, Ohio 45416
      Defendant-Appellant, Pro Se

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Christine Brown appeals pro se from the judgment of the Montgomery County Common Pleas Court that adopted a magistrate's decision granting Plaintiff-Appellee Whitney Clements' petition for a civil stalking protection order ("CSPO") against Brown. For the following reasons, we affirm the judgment of the trial court.

## I. Facts and Course of Proceedings

{¶ 2} On October 12, 2021, Clements filed a petition for a CSPO against Brown and waived an ex parte hearing. Her petition alleged that in September 2021, 1) Brown threatened to "smoke" Clements and her children while at a grocery store; 2) Brown and her brother drove by Clements' home where they threatened to kill her and chased after her; and 3) the day before filing the petition, Clements saw Brown, who told Clements she "better run."

{¶ 3} A full hearing was scheduled before a magistrate; however, on the day of the hearing, the parties signed a written waiver of the full hearing. The written waiver form stated that Brown understood she had a right to a full hearing on the petition and that she had the right to cross-examine witnesses and review evidence submitted in support of the protection order, that she waived the right to present witnesses and evidence on her own behalf, and that she waived the right to file objections. The waiver form pointed out that it may limit her right to appeal the issuance of the protection order. Lastly, the waiver form stated that, based on the above-listed waivers, Brown understood that a protection order would be entered against her. Both parties signed and dated the waiver form.

{¶ 4} The magistrate granted the CSPO, which was approved and adopted by the trial court. The court signed and filed it with the clerk of courts on November 3, 2021. No written objections were made.

{¶ 5} Brown timely appealed.

## II. Non-compliance with App.R. 16(A)

{¶ 6} Initially, we note that Brown's pro se brief wholly fails to comply with the rules for a proper brief as set forth in App.R. 16(A)(1)-(8). Significantly, her brief does not include a statement of the assignments of error for review or a reference to the place in the record where each error is reflected, in violation of App.R. 16(A)(3). It also does not include an argument with citations to authorities, statutes, and portions of the record upon which she relies, in violation of App.R. 16(A)(7). Although Brown includes facts upon which she bases her argument, none of the facts are in the record as the parties waived a full hearing and no transcript of the proceedings was included in this appeal as required pursuant to App.R. 9(B). Therefore, we presume the regularity of the trial court proceedings and limit our review to only the evidence found in the record. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20-21, 520 N.E.2d 564 (1988). Brown also attached several exhibits to her brief, none of which were included at the trial court level. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. Additionally, " '[a]n exhibit merely appended to an appellate brief is not part of the record and we may not consider it in determining the appeal.' " *Williams v. Pioneer*

*Credit Recovery, Inc.*, 2d Dist. Montgomery No. 28524, 2020-Ohio-397, ¶ 16, quoting *State v. Grant*, 10th Dist. Franklin No. 12AP-650, 2013-Ohio-2981, ¶ 12. As such, we will not consider the attached exhibits or factual allegations Brown included.

{¶ 7} "Pro se litigants are held to the same procedures and standards as parties who obtain counsel, and we may disregard briefs that fail to comply with App.R. 16(A)." *City of Kettering v. Fritz*, 2d Dist. Montgomery No. 28319, 2019-Ohio-3388, ¶ 6. Although Brown's failure to properly comply with App.R. 16 affects this Court's ability to review her claims, in the interests of justice and finality, we will briefly address Brown's argument. Brown asks this Court to dismiss the trial court's judgment. As such, we construe her argument to be that the trial court erred in granting the CSPO. Clements did not file a brief.

### III. Law and Analysis

{¶ 8} R.C. 2903.214 provides for the issuance of protection orders for persons who are victims of menacing by stalking. A victim may request an ex parte order and a hearing shall be held as soon as possible. R.C. 2903.214(D)(1). If no ex parte hearing is requested, the court shall proceed as in a normal civil action and grant a full hearing on the matter. R.C. 2903.214(D)(3). After a full hearing, the court may issue a protection order that contains terms designed to ensure the safety and protection of the person to be protected by the protection order. R.C. 2903.214(E)(1)(a).

{¶ 9} Where a magistrate has granted a CSPO after a full hearing, the trial court may adopt the magistrate's granting of the protection order if, upon review of the order, the trial court determines there are no errors of law or other defects evident on the face

of the order. Civ.R. 65.1(F)(3)(c)(ii). However, "the magistrate's grant or denial of a protection order after a full hearing is not effective until adopted by the court." *Heimann v. Heekin*, 1st Dist. Hamilton No. C-130613, 2014-Ohio-4276, ¶ 7, citing Civ.R. 65.1(F)(3)(c). The trial court's adoption of the magistrate's order becomes effective when signed by the court and filed with the clerk. Civ.R. 65.1(F)(3)(c)(v). The trial court's adoption of the magistrate's decision granting a CSPO is a final, appealable order. Civ.R. 65.1(G). Nevertheless, based on a 2016 amendment to Civ.R. 65.1(G), "a party must timely file objections to such an order * * * prior to filing an appeal[.]" *Id.* Written objections must be filed within 14 days of the filing of the trial court's order. Civ.R. 65.1(F)(3)(d)(i).

{¶ 10} While this Court has not found that the failure to file objections is a jurisdictional defect, failure to file an objection to the magistrate's decision does preclude a party from challenging the protection order on appeal. *Florenz v. Omally*, 2020-Ohio-4487, 158 N.E.3d 1009, ¶ 10 (2d Dist.). "This is consistent with the principle that the fair administration of justice requires an appealing party to afford the trial court an opportunity to review and address any issue that would render the order unjust." *Hill v. Ferguson*, 1st Dist. Hamilton No. C-210278, 2022-Ohio-13, ¶ 12, citing 2016 Staff Note, Civ.R. 65.1(G).

{¶ 11} The record reflects that Clements did not request an ex parte hearing and, therefore, the case was set for a full hearing before the magistrate. Brown was properly served timely notice and waived the full hearing in writing on the day of the scheduled hearing. The magistrate granted the CSPO and the trial court adopted it. Brown failed

to file objections to the trial court's adoption of the magistrate's decision granting the CSPO. In the absence of timely objections, Brown may not challenge the trial court's decision on appeal. *Florenze* at ¶ 11.

**{¶ 12}** Even if we were to consider Brown's argument on appeal, we would still find no basis to reverse the trial court's judgment. The entirety of Brown's brief relies upon factual issues attempting to counter Clements' allegations in her petition, which Brown could have developed at the full hearing but chose not to do. As we noted above, we cannot make any judgment on appeal based upon Brown's new evidence when the trial court neither reviewed this evidence nor made any determinations regarding it. The trial court's decision was premised on the written waiver, consented to and signed by both parties, which waived the right to a full hearing, and explicitly stated that, based on the waivers, a protection order would be entered against Brown. "Consent orders such as the one in this case, are authorized in the context of civil protection orders issued pursuant to R.C. 2903.214." *Windsor v. Bristow*, 2018-Ohio-1020, 109 N.E.3d 173, ¶ 22 (5th Dist.), citing *Harris v. Miami Cty. Sheriff's Dept.*, 160 Ohio App.3d 435, 2005-Ohio-1713, 827 N.E.2d 807, ¶ 17 (2d Dist.). We find no error in the trial court's issuance of the protection order premised on an explicit waiver and consent.

**{¶ 13}** Brown's sole error raised on appeal is overruled.

### IV. Conclusion

**{¶ 14}** For the foregoing reasons, the order of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.


Copies sent to:

Whitney Clements
Christine Brown
Hon. Mary E. Montgomery