[Cite as *Trotwood v. Thomas*, 2025-Ohio-3007.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| CITY OF TROTWOOD OHIO | : | |
| | : | C.A. No. 30428 |
| Appellees | : | |
| | : | Trial Court Case No. 2024 CV 04651 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| ALMEDA THOMAS, ET AL. | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on August 22, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
RONALD C. LEWIS, JUDGE

EPLEY, P.J., and HUFFMAN, J., concur.

**OPINION**
MONTGOMERY C.A. No. 30428

FREDERICK A. THOMAS, II, Appellant, Pro Se
CHRISTOPHER R. CONARD, Attorney for Appellee

LEWIS, J.

**{¶ 1}** Defendant-Appellant Frederick A. Thomas II appeals from an agreed order of the Montgomery County Common Pleas Court requiring an abatement of a nuisance. For the following reasons, the judgment of the trial court is affirmed.

## I. Procedural History and Facts

**{¶ 2}** On August 29, 2024, the City of Trotwood ("the City") filed a civil nuisance complaint against Almeda Thomas ("Almeda"), Frederick Thomas ("Frederick"), any unknown occupants of 5130 Olive Road, the Montgomery County Auditor, and the Montgomery County Treasurer.[1] The complaint alleged that various code violations and nuisance conditions persisted at 5130 Olive Road in Trotwood and that the City had been issuing notices to clean up the property since January 2022 without compliance. Almeda was listed as the property's owner of record, while Frederick was believed to occupy the residence.

**{¶ 3}** On February 24, 2025, an agreed judgment entry and order was filed by the trial court. Pursuant to the order, Almeda and Frederick (collectively "Defendants") agreed that the property was in violation of various property maintenance and zoning codes and constituted a public nuisance. The parties agreed to an abatement plan in which Defendants would clean up the exterior of the property and ensure that it was in full

---

[1] For clarity, we refer to the Thomases by their first names.

compliance with the property codes by January 31, 2025. The parties also agreed that, in the event Defendants were unable to abate the public nuisance and code violations by January 31, 2025, due to unforeseen circumstances beyond their reasonable control, the parties would cooperate in making reasonable modifications to the plan. In the event that Defendants failed to comply within the allotted time, the City was authorized to enter the premises and remove all items in violation of the code. Any costs incurred by the City would be placed on the tax duplicate as a lien against the property. Frederick consented to the terms of the entry and signed the entry via email authorization provided on January 13, 2025.

{¶ 4} On March 13, 2025, at Frederick's request, the City filed a notice agreeing to give Defendants additional time -- until March 19, 2025 -- to abate the nuisance. Frederick also appealed from the trial court's February 24, 2025 order.

II. **Appellate Rule 16(A)**

{¶ 5} Except for what appear to be texts and/or emails, which were not part of the trial court record and may not be considered on appeal, the entirety of the brief Frederick submitted in support of his appeal is as follows:

Charges against the defendant Frederick Thomas were mainly outdoor storage. I was given time to correct, with Trotwood officials. They further understood that weather could be a factor, and to let them know if that was the case. The following conversation (texts) establish that permissions. But were suddenly stopped even though my progress was recorded via constant progress report photos!

{¶ 6} Trotwood contends that Frederick's brief failed to comply with App.R. 16(A) and that it is "unable to specifically address any alleged errors committed by the trial court." We agree with Trotwood.

{¶ 7} Frederick's pro se brief does not comply with the rules for a proper appellate brief. App.R. 16(A) provides that an appellant must include all of the following information in its brief and in the order indicated:

(1) A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

{¶ 8} Frederick's brief in support of his appeal fails in every respect to comply with the requirements governing the content of an appellant's brief. App.R. 16(A)(1)-(8). Briefs filed in this court, whether by counsel or pro se, must comply with App.R. 16. A court of

appeals may "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2); *Hawley v. Ritley*, 35 Ohio St.3d 157, 159 (1988). While we have the discretion to consider an appellant's argument when a brief does not quite meet all of the requirements contained in App.R. 16(A), it would be futile to do so in this case, because Frederick fails to identify any purported error in the trial court's judgment.

{¶ 9} Further, it has long been held that "a party participating in a consent judgment will not be allowed to appeal errors from that judgment." *Sanitary Commercial Servs., Inc. v. Shank*, 57 Ohio St.3d 178, 181 (1991), citing *Wells v. Warrick Martin & Co*., 1 Ohio St. 386 (1853), paragraph one of the syllabus; *Jackson v. Jackson*, 16 Ohio St. 163 (1865), paragraph one of the syllabus, citing *Wells*. The agreed entry in this case reflects that Frederick consented to all the terms of the entry and signed the entry via email authorization.

### III.    Conclusion

{¶ 10} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and HUFFMAN, J., concur.