[Cite as *Kamp v. Figuero*, 2025-Ohio-4325.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

KATIE KAMP,

      Petitioner-Appellee,

- vs -

ASHLEY FIGUERO,

      Respondent-Appellant.

CASE NO. 2024-L-090

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2024 CS 001682

---

## OPINION AND JUDGMENT ENTRY

Decided: September 15, 2025
Judgment: Affirmed

---

*Daniel J. Williams*, Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH 44077 (For Petitioner-Appellee).

*Ashley Figuero*, pro se, 3125 Chapel Road, Ashtabula, OH 44004 (Respondent-Appellant).

ROBERT J. PATTON, P.J.

{¶1} Appellant, Ashley Figuero ("Figuero"), appeals from the judgment of the Lake County Court of Common Pleas, adopting the magistrate's agreed consent order between Figuero and appellee, Katie Kamp ("Kamp"). For the following reasons, we affirm.

{¶2} This case arose from a relationship that developed between Kamp's minor daughter and Figuero's minor son. During the eight-month relationship, Kamp's daughter told Figuero that Kamp was neglecting her. Kamp's daughter wanted to move in with Figuero and her son. Figuero began calling the daughter's school to inquire about her

attendance and contacted Kamp's employer regarding Kamp's past discipline at work. Figuero texted Kamp and her extended family repeatedly demanding that the son and daughter be allowed to contact each other.

{¶3} Kamp filed a motion for an ex parte civil stalking protection order ("CSPO") against Figuero with the Lake County Court of Common Pleas on October 30, 2024. An ex parte hearing was held the same day. Kamp explained to the trial court that she feared that Figuero would come to her child's school and take her. Kamp alleged that Figuero made threats to attempt to gain custody of Kamp's daughter. The trial court granted the temporary CSPO against Figuero, but only with respect to preventing contact between Figuero and Kamp's daughter. The motion was granted based on Kamp's fear for her daughter, and the matter was scheduled for a full hearing to be held on November 13, 2024.

{¶4} Figuero filed for a reciprocal CSPO against Kamp in a separate case. Prior to the full hearing on Kamp's CSPO, Kamp hired an attorney who reached out to Figuero with a proposed consent agreement. Kamp's attorney explained, among other terms included, pursuant to the agreement Figuero would consent to the CSPO and drop the reciprocal CSPO filed against Kamp. Figuero agreed to the terms presented by Kamp's attorney, and the proposed order was presented to the trial court at what would have been the full hearing, on November 13, 2024. The trial court addressed Figuero about her understanding of the agreement. The trial court offered Figuero additional time to review the agreement, which she accepted. After reviewing the agreement, Figuero indicated to the trial court that she understood and agreed to its terms. The magistrate explained the quasi-criminal nature of the terms of the consent order, and that if she violated the order

by contacting Kamp or anyone in her household, she could face criminal penalties. Figuero indicated that she understood and agreed. Figuero signed the agreement. The agreement was accepted through a magistrate's order which was adopted by the trial court the same day, on November 13, 2024. Figuero now appeals to this Court asserting that the trial court improperly failed to make findings of fact prior to granting the CSPO, and that the evidence presented was insufficient to support the issuance of a CSPO. Figuero further contends that the trial court erred in allowing her to enter into the agreement without fully understanding its terms regarding interaction between her son and Kamp's daughter.

{¶5}    We conclude, after a thorough review of the record and pertinent law, that Figuero waived her ability to claim error on appeal when she entered into the consent CSPO agreement and is now barred from asserting error.

**Assignments of Error**

{¶6}    On appeal, Figuero asserts three assignments of error:

{¶7}    "[1.] The Trial Court erred in issuing the Civil Protection Order: Violation of First Amendment Rights of [t]he United States Constitution. The Trial Court's ruling issuing the temporary protection order on October 30th, 2024 was contrary to law and in violation of Appellant's First Amendment Rights to freedom of speech. Reporting child and elderly abuse, neglect, or exploitation is a legal obligation under Ohio Revised Code and falls under Appellant's First Amendment Rights to freedom of speech."

{¶8}    "[2.] The Trial Court erred in elucidating the type of voluntary communication to be expected or allowed between Appellee and Appellant's minor children, when the Appellant sought understanding. The Trial Court not addressing Appellant's concerns for

Case No. 2024-L-090

when and how the minor children may have communication again was contrary to law and in violation of due process; Appellant's Fourteenth Amendment Rights."

{¶9} "[3.] The trial court violated the Appellant's due process rights by failing to apply the correct legal standard under Ohio Revised Code § 2903.211, which requires evidence of a pattern of conduct that knowingly causes another person to believe they will suffer physical harm or mental distress; not to simply support a parent's desire to prevent communication without evidence of a physical threat[.]"

## Temporary Protection Order

{¶10} Under Figuero's first assignment of error, she asserts that the trial court erred in issuing the temporary protection order. This Court has previously noted: "[A]n ex parte order is always temporary and thus, by definition, is not final and appealable." *Palo v. Palo*, 2004-Ohio-5638, ¶ 14 (11th Dist.) (determining that pursuant to R.C. 3113.33(D)(1) CPO is a temporary protection order is not a final appealable order). Accordingly, as Figuero's first assignment of error relates to the ex parte order, we decline to address this issue.

## CSPO Consent Order

{¶11} Figuero's second and third assignments of error raise issues with the terms of the CSPO consent order as it relates to communication between the parties' minor children, and whether the trial court made the requisite findings prior to issuing the order. The Fifth District Court of Appeals has weighed in on whether a CSPO consent agreement can be challenged on appeal:

> Consent orders such as the one in this case, are authorized in the context of civil protection orders issued pursuant to R.C. 2903.214. *Harris v. Miami Cty. Sherriff's Dept.*, 160 Ohio App.3d 435, 2005-Ohio-827 N.E.2d 807, ¶ 17; *State v. Myers*,

10th Dist. Franklin No. 09AP-212, 2009-Ohio-4659, 2009 WL 2872977, ¶ 2[.] We will not interfere with the clear and unambiguous agreement of the parties based upon the appellant's change of heart regarding the terms of the consent order. The Supreme Court of Ohio has noted that "[f]rom early in this state's history, we have held that a party participating in a consent judgment will not be allowed to appeal errors from that judgment. *Wells v. Warrick Martin & Co.* (1853), 1 Ohio St. 386, paragraph one of the syllabus; *Jackson v. Jackson* (1865), 16 Ohio St. 163, paragraph one of the syllabus, citing Wells, supra. *Sanit. Commercial Services, Inc. v. Shank*, 57 Ohio St.3d 178, 181, 566 N.E.2d 1215, 1218 (1991).

*Windsor v. Bristow*, 2018-Ohio-1020, ¶ 22 (5th Dist.). In light of the foregoing authority, Figuero is foreclosed from asserting errors on appeal from the CSPO consent agreement.

Accordingly, Figuero's second and third assignments of error are without merit.

{¶12} The decision of the Lake County Court of Common Pleas is affirmed.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2024-L-090

## JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

PRESIDING JUDGE ROBERT J. PATTON

JUDGE MATT LYNCH,
concurs

JUDGE JOHN J. EKLUND,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2024-L-090